UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE VALENTINO BRAVO MARCANO,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

Case No. 1:26-cv-1496

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.24–25.)

In an Order entered on May 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response on May 12, 2026, and a recording of the February 24, 2026, bond hearing on May 13, 2026, (Resp., ECF No. 5; Recording of Feb. 24, 2026, Bond Hearing, filed on May 13, 2026), and Petitioner filed his reply on May 18, 2026, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Pet., ECF No. 1, PageID.1.) On November 25, 2025, Petitioner was arrested by ICE. (*Id.*)

On January 27, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Bravo Marcano v. Raycraft* (*Bravo Marcano I*), No. 1:26-cv-295 (W.D. Mich.). In *Bravo Marcano I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Bravo Marcano I*, (W.D. Mich. Feb. 17, 2026), (ECF Nos. 6, 7).

On February 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the hearing, the Immigration Judge stated to Petitioner: "you must show the court that you are not a flight risk and that you are not a danger to the community." (2d Recording of Feb. 24, 2026, Bond Hearing, at 00:43–00:48, filed on May 13, 2026.) At the conclusion of the February 24, 2026, hearing, the immigration judge denied Petitioner's request for bond, stating:

> Respondent comes before this Court today for a custody redetermination hearing. The Court must consider many factors in deciding whether an individual should be granted a bond and if so the terms of the bond. One such consideration is the likelihood of success for an application for relief being granted.
>
> On January 29, 2026, Respondent's application for Asylum and Withholding of Removal was denied. Respondent was advised that he could appeal the decision to

2

the Board of Immigration Appeals within 30 days. He has not yet filed an appeal.[1] The present Court cannot decide the merits of such an appeal.

As Respondent has been ordered removed from the United States, the Court must find that Respondent does not have a favorable likelihood of success on his application.

The Court finds Respondent a flight risk and therefore denies Respondent's request for a change in custody status.

(Immigration Judge Order, ECF No. 1-1, PageID.27.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court

---

[1] Petitioner has since filed an appeal to the Board of Immigration Appeals, which remains pending. (*See* Pet., ECF No. 1, PageID.10.)

will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      May 19, 2026                          /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge